**Jose E. Pedreira HUTCHINSON and Pan American Telecommunications Supplies Corporation; Communications Center Corporation, Plaintiffs,**

v.

**Miguel LAUSELL, as former Executive Director of the Telephone Authority, as President of the Puerto Rico Telephone Company and in his personal capacity; his wife Mrs. Lausell and their Conjugal Partnership; Hector M. Lugo, as Vice President of the Puerto Rico Telephone Company and in his personal capacity; his wife Mrs. Lugo and their Conjugal Partnership; Ramon Arce, as former Vice President of Marketing for the Puerto Rico Telephone Company and in his personal capacity; his wife Mrs. Arce and their Conjugal Partnership; Puerto Rico Telephone Company, Inc., Defendants.**

**Civ. No. 86–1035 (JP).**

United States District Court, D. Puerto Rico.

Sept. 28, 1987.

Frank Rodríguez García, Ponce, P.R., for plaintiff.

José Vázquez García, Fiddler, González & Rodríguez, San Juan, P.R., for PR Telephone Co. and Lausell & Lugo in their official capacity.

Edgardo Colón Arrarás, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for Lausell & Lugo in their personal capacity.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it defendants' Motion to Dismiss for failure to state a claim upon which relief may be granted. Fed.R. Civ.P. 12(b)(6). In ruling upon such a motion, the Court must view the complaint in the light most favorable to plaintiff, including drawing all reasonable inferences in favor of plaintiff. C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 1357 at 594 (1969 & Supp.1986). Despite this standard, the complaint fails to make out a claim. This shall become clear as the facts most helpful to plaintiff are elucidated.

Plaintiff José Enrique Pedreira Hutchinson founded Pan American Telecommunications Supplies Corporation (PATS). The corporation sells telephone equipment. Pedreira has been associated with the New Progressive Party (NPP) since its inception in 1968.[1] In late 1984, after the general

---

1. Among the amusing but irrelevant facts the complaint reveals about plaintiff are the fact that his father was a composer and pianist, that plaintiff's mother is elderly, and that plaintiff was at one time a mortgage banker. The Court notes these tidbits to demonstrate the almost

election that removed the NPP from power and reinstalled the Popular Democratic Party (PDP), PATS won a contract to supply the Puerto Rico Telephone Company (PRTC). The contract authorized the purchase of 500 units of certain telephone equipment.

In February 1985, PRTC returned some units in the yet incomplete order, alleging technical defects. Subsequent tests in April 1985 proved the equipment serviceable and all 500 units were eventually accepted by PRTC. There is no averment of any monetary loss by plaintiff as the result of this contract.

In the single fact contained in the complaint that could possibly cause a civil rights eyebrow to be raised, plaintiff alleges the existence of a "confidential memo" from defendant Miguel Lausell to Governor Hernández Colón, the chief executive in the new PDP administration. That memorandum concerns the criminal investigation of PRTC officials and contractors for fraud. The memorandum also notes that plaintiff is a personal friend of former Governor Romero Barceló. Lausell had been appointed head of the PRTC by incoming PDP Governor Hernández Colón. Former Governor Romero Barceló was the head of the NPP when that party lost the 1984 election. Apparently, plaintiff's desired inference is along the lines that the criminal investigation was instigated on the basis of those unnamed officials' and contractors' political affiliation. The complaint, however, does not so state. The complaint does note, however, that the investigation was prompted by unusual business transactions carried out by the PRTC between the defeat of the NPP and the inauguration of the PDP administration. News of this investigation was allegedly supplied to the press by defendant Lausell or by defendant Héctor M. Lugo. Finally, plaintiff makes the following allegation: "But the damage was done and since then plaintiff Pedreira and his companies were [sic] blacklisted as suppliers for PRTC."

■ As the result of all of the above, plaintiff claims that he has been deprived of his "right to do business in a competitive society" and that his "dignity" has been damaged. The Constitution of the United States, however, does not contain such bald protections. The fifth amendment protects the citizenry against deprivation of life, liberty, or property, without due process of law. It does not protect persons from being upset.

■ Plaintiff's arguments, if he had made them, would probably have been along the lines that his liberty or property interest in his reputation were damaged by the criminal investigation. Without a concurrent allegation of loss of employment, or, as here, a loss of contract (which would be a loss of property in any event), however, plaintiff cannot claim deprivation of liberty or property at all, much less deprivation without due process of law. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Neither has plaintiff averred any set of facts that would lead any reasonable trier of fact to conclude that plaintiff was blacklisted as a competitive bidder for supplying goods and services to PRTC. The factual allegations necessary, or a chain of allegations from which a reasonable trier of fact could infer such a blacklist, however, are simply not present in the complaint. Plaintiff's charge of conspiracy under 42 U.S.C. section 1985 similarly fails. Because plaintiff has not successfully argued that he possesses proper constitutional rights that he may have been deprived of, there can be no conspiracy to deprive plaintiff of those rights.

In summary, we have reviewed plaintiffs' lengthy complaint and found nothing of federally cognizable substance. We have considered plaintiffs' opposition but found it entirely wanting. "No matter how assiduously Aladdin's Lamp is rubbed, the genie of federal jurisdiction does not appear: taking the well-pleaded facts and the reasonable inferences therefrom in the light most favorable to the plaintiffs, no claim is stated against any defendant on which [this Court] could have granted relief." *Chongris v. Board of Appeals of*

---

total lack of coherence that is the hallmark of this purported civil rights claim.

*the Town of Andover*, 811 F.2d 36, 46 (1st Cir.1987). "The Civil Rights Acts cannot be used as a rack upon which every disappointed [bidder] can stretch a [governmentally owned private corporation] for failure to roll out the red carpet for him." *Id.*

Plaintiffs also ask the Court to permit them to amend their complaint. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." The decision is within the discretion of the District Court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77, 87 (1971); *Kennedy v. Josephthal*, 814 F.2d 798, 806 (1st Cir.1987). Applying the standard to this case, leave to amend is hereby DENIED.

Plaintiffs' ill-conceived complaint could have been amended prior to the filing of the answer to the complaint, but plaintiffs did not move to so amend until February 23, 1987, eight months after the initial filing date, after defendants had filed their answer to the complaint, and after two motions to dismiss were pending before the Court. Plaintiffs' attorney's argument that he had only one day to draft the complaint is frivolous and is not acceptable given the scope of Fed.R.Civ.P. 15(a) which allows plaintiffs to amend as a matter of course at any time before a responsive pleading is filed. By their own admission, plaintiffs knew that the complaint had been hastily prepared, and it cannot be denied that plaintiffs had more than ample time (about 17 weeks) to effect any amendments had they so desired, or to reasonably inquire whether plaintiffs' brainstorm was well grounded in fact and warranted by existing law. No justification is stated in the petition to amend to explain such tardiness.

Under these circumstances, the motion for leave to amend could be viewed as an attempt to avoid an adverse ruling on the motions to dismiss. *Cf. Local 472 v. Georgia Power Co.*, 684 F.2d 721, 724 (11th Cir.1982) (same as to avoidance of summary judgment). The new evidence and information received by the plaintiffs is with regard to new defendants and nothing new is said about the original defendants. The purpose of the amendment is to conform the complaint to these additional parties and delete other parties. The nature of the amended complaint is still the same and does not cure the defects discussed in this Opinion and Order.

Accordingly, this case is DISMISSED.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.